## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| GRIFFITH'S TOWING, LLC, | § § § § | |
| Plaintiff, | | |
| v. | § § § § § § | CIVIL ACTION NO. 2:23-CV-535 |
| CENTRE POINT FUNDING, LLC, | | |
| Defendant. | | |

### ***PLAINTIFF'S' ORIGINAL COMPLAINT***

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

**COMES NOW, GRIFFITH'S TOWING, LLC,** Plaintiff in the above-captioned and numbered cause, and file this, its Original Complaint, and, in support thereof, would respectfully show unto the Court as follows —

### I.

### PARTIES

1. **GRIFFITH'S TOWING, LLC** is a Texas limited liability company with its principal office in Henderson, Rusk County, Texas.

2. **CENTRE POINT FUNDING, LLC** is a foreign limited liability company with its principal office located at 300 Centre Pointe Drive, Virginia Beach, Virginia 23462.  It may be served with process by delivering the Court's summons and Plaintiff's Original Complaint to its registered agent, Corporation Service Company d/b/a CSC — Lawyers Incorporating Service Company, at 701 Brazos Street, Suite 1050, Austin, Texas 78701-3232.

## II.

## JURISDICTION & VENUE

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1332 (West 2023) in that complete diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000.00.

4. Venue is proper in this Court in that all or a substantial portion of the facts giving rise to Plaintiff's claims occurred in the Eastern District of Texas.

5. Specifically, **GRIFFITH'S TOWING, LLC** provided the services in question in the Eastern District of Texas; the accident giving rise to this suit occurred in the Eastern District of Texas and the amount sued upon is payable in the Eastern District of Texas.

## III.

## FACTUAL BACKGROUND

6. On or about July 27, 2023, a tractor-trailer owned by **CENTRE POINT FUNDING, LLC** ("**CENTRE POINT**") overturned on U.S. Highway 259 in Rusk County, Texas.

7. The Texas Department of Safety dispatched **GRIFFITH'S TOWING, LLC** ("**GRIFFITH'S**") to clear the highway and remove the debris.

8. In so doing, **GRIFFITH'S** provided valuable goods and services to **CENTRE POINT** with the full and reasonable expectation of payment.

9. Thereafter, **GRIFFITH'S** invoiced **CENTRE POINT** for its total charges in the amount of $33,754.61.

10. Although **CENTRE POINT** accepted the goods and services provided by **GRIFFITH'S**, it has failed and refused to pay the account.

## IV.

## CAUSES OF ACTION

### A.

### BREACH OF CONTRACT

11. **GRIFFITH'S** would show the Court that it furnished services to **CENTRE POINT.**

12. **CENTRE POINT** agreed to pay **GRIFFITH'S** usual & customary charges for the services provided.

13. **GRIFFITH'S** invoiced **CENTRE POINT** $33,754.61 for its services.

14. **GRIFFITH'S** charges for the services are reasonable in Rusk County, Texas.

15. Despite notice and demand, **CENTRE POINT** that failed and refused to pay the account.

### B.

### QUANTUM MERUIT

16. **GRIFFITH'S** provided good and valuable services to **CENTRE POINT**.

17. **CENTRE POINT** accepted the services provided by **GRIFFITH'S** with full knowledge that **GRIFFITH'S** expected compensation for its work.

18. Despite presentment and demand, **CENTRE POINT** has failed and refused to pay the reasonable charges for the services provided.

19. In absence of judgment herein, **CENTRE POINT** will be unjustly enriched by its acceptance of **GRIFFITH'S's** services without just compensation for the services provided.

## V.

## *DAMAGES*

20. As a direct and proximate result of the conduct described herein, **CENTRE POINT** has damaged **GRIFFITH'S** in the amount of $33,754.61.

21. **GRIFFITH'S** has further incurred reasonable and necessary attorney's fees of $750.00 and costs of court.

22. Additional fees and costs shall accrue as this litigation proceeds to judgment.

23. Pursuant to § 302.002 of the Texas Finance Code, Plaintiff is further entitled to pre-judgment interest at the rate of six percent (6%) per annum commencing on the 30th day after the day on which the account was due and payable.

**WHEREFORE, PREMISES CONSIDERED, GRIFFITH'S TOWING, LLC** prays that **CENTRE POINT FUNDING, LLC** be cited to appear and answer and, upon final hearing, it have judgment against **CENTRE POINT FUNDING, LLC** in the amount of $33,754.61 together with reasonable attorney's fees, pre-judgment & post-judgment interest and such other and further relief to which it is justly entitled.

Respectfully submitted,

/s/ *James Holmes*

James A. Holmes
Texas Bar No. 00784290

### THE LAW OFFICE OF JAMES HOLMES, P.C.

212 SOUTH MARSHALL
HENDERSON, TEXAS 75654
(903) 657-2800
(903) 657-2855 (fax)
jh@JamesHolmesLaw.com

### ATTORNEY FOR PLAINTIFF

